# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

JAMES A. PENHALLEGON, SR.,

                Plaintiff,

v.                                            Case No. 16-cv-225-pp

ANN KRUEGER, GREY DAVIS,
SGT. NET, SGT. CREW CUT, and
SIR FINNIE,

                Defendants.

---

## DECISION AND ORDER GRANTING THE PLAINTIFF'S REQUEST TO PROCEED WITHOUT PREPAYING THE FULL FILING FEE (DKT. NO. 2) AND SCREENING THE COMPLAINT

---

The plaintiff, who is representing himself, is a prisoner at Columbia Correctional Institution. He filed this lawsuit under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Kenosha Correctional Center. This case is before the court for a decision on the plaintiff's request to proceed without prepaying the full filing fee (Dkt. No. 2) and for screening of his complaint.

### Request to Proceed without Prepaying the Full Filing Fee

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an

1

initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time through deductions from his prisoner account. Id.

On April 20, 2016, the court entered an order requiring the plaintiff to pay an initial partial filing fee of $19.70. Dkt. No. 5. The plaintiff paid that fee on April 29, 2016. Accordingly, the court grants his request to proceed without prepaying the full filing fee and allows him to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

### Screening of the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro*

3

*se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### The Plaintiff's Allegations

The plaintiff is suing five defendants who are associated with Kenosha Correctional Center: Superintendent Ann Krueger, Captain Grey Davis, Sergeant Net, Sergeant "Crew Cut," and "Food Service Supervisor Sir "Finnie." Dkt. No. 1 at 6.

The plaintiff alleges that on April 12, 2015, he was assaulted by his cellmate, which resulted in permanent physical and psychological injuries. Dkt. No. 1 at 2, 5. The plaintiff states that unnamed staff, officers, and medical staff failed to give him proper treatment immediately after the assault. Id. at 7.

The plaintiff also states that, prior to the assault, he spoke to defendants Net, "Crew Cut," and "Finnie" about the issues he was having with his cellmate and asked if they could move him to a different cell. Id. at 3. He also submitted two inmate request forms to defendant Net. These defendants did not address the plaintiff's concerns. Id.

The plaintiff also alleges that after the assault, he was given a conduct report (the plaintiff does not say by whom), which the plaintiff believes was written only as a means of staff covering up that they took no action in response to his complaints. Id. at 4. The plaintiff apparently was found guilty on the conduct report, because he was placed in segregation for seventy-two

4

days in a cell with another inmate (the plaintiff does not state who ordered his placement in segregation). Id.

While in segregation, the plaintiff was forced to sleep on a mattress on the floor (the plaintiff does not specify who forced him to sleep on the floor). Id. The plaintiff explains that he had a bottom-bunk restriction, so he should not have had to sleep on the floor. Id. at 4-5. In addition, the plaintiff's custody level was raised to secure minimum, resulting in him losing his community custody (again, the plaintiff does not state who raised his custody level). Id. at 5. Finally, the plaintiff alleges that he was not able to access his property for six months because Department of Corrections policy would not allow the transfer of his property to a medium custody institution. Id.

The plaintiff indicates that the staff members were negligent and deliberately indifferent, and subjected him to cruel and unusual punishment. Id. at 3. In terms of relief, he asks the court to order the Wisconsin Department of Corrections to take requests for cell and cell mate moves seriously, and asks for damages to cover his court costs. Id. at 10-11. He also asks for damages in the amount of $2,000,002 per defendant, or a total of $10,000,010. Id. at 11.

Analysis

The Eighth Amendment's prohibition against cruel and unusual punishment encompasses a prison facility's failure to protect an inmate, as well as a deliberate indifference to that inmate's serious health and safety needs. "A prison official does not violate the Eighth Amendment every time an inmate gets attacked by another inmate. Prisons, after all, are dangerous

5

places often full of people who have demonstrated aggression." Dale v. Poston, 548 F.3d 563, 569-70 (7th Cir. 2008). To sustain an Eighth Amendment failure to protect claim, a plaintiff must satisfy a two-prong test: (1) the inmate must demonstrate that he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) the inmate must demonstrate that the prison officials acted with "deliberate indifference" to that risk. Farmer v. Brennan, 511 U.S. 825, 833-34 (1994).

To satisfy the first prong, a plaintiff must prove "not only that he or she experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that that serious harm might actually occur." Brown v. Budz, 398 F.3d 904, 910 (7th Cir. 2005). "A substantial risk of serious harm is one in which the risk is 'so great' that it is 'almost certain' to materialize if nothing is done. The conditions presenting the risk must be 'sure or very likely to cause . . . needless suffering,' and give rise to 'sufficiently imminent dangers.'" Wilson v. Ryker, 451 F. Appx. 588, 589 (7th Cir. 2011) (unpublished).

To satisfy the second prong, a plaintiff must show that each defendant had "subjective knowledge of the risk of harm," and that he or she "personally disregarded that risk." Grieveson v. Anderson, 538 F.3d 763, 755 (7th Cir. 2008). It is not enough that a prison official would or should have known that that the prisoner was at risk: the official must actually know of and disregard the risk to incur liability. Lewis v. Richards, 107 F.3d 549, 552-54 (7th Cir. 1997). This is because neither ordinary negligence nor even gross negligence in

6

the tort sense are enough to give rise to liability under § 1983. McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir. 1991).

At the pleading stage, the plaintiff has alleged sufficient facts to state an Eighth Amendment failure-to-protect/deliberate indifference claim against defendants Net, "Crew Cut," and "Finnie." Nowhere in the plaintiff's complaint, however, does he allege that he (or anyone else) informed defendants Krueger or Davis about the threat the plaintiff's cellmate posed or about the plaintiff's requests to be moved to another cell. Because there are no allegations that defendants Krueger or Davis knew of the alleged risk to the plaintiff, the plaintiff fails to state a claim against them.

The plaintiff also makes state-law negligence claims against all of the defendants, and the court may exercise supplemental jurisdiction over that state-law claim if it is sufficiently interconnected with the federal claims. At this stage, it appears that the plaintiff has alleged sufficient facts to allow him to proceed on his negligence claim against Net, "Crew Cut," and "Finnie," but again, he does not allege any specific facts indicating that Kruger or Davis were negligent, or even knew of the threat the plaintiff's cellmate posed. The court will not allow the plaintiff to proceed against those two defendants.

Because the plaintiff does not know the proper names of defendants "Crew Cut" and "Finnie," he will need to use discovery (Fed. R. Civ. P. 33 and/or 34) to identify their proper names. Generally, a plaintiff may not seek information from the defendants via discovery until after they have responded to the complaint and the court has entered a scheduling order. However, in

7

order to keep this case moving, the court will allow the plaintiff to serve limited discovery requests upon defendant Net in an effort to identify the proper names of defendants "Crew Cut" and "Finnie." To be clear, any discovery request made by plaintiff prior to the court entering a scheduling order must be limited to the topic of identifying the unnamed defendants. Once the plaintiff knows the proper names of these defendants, he should file a motion asking the court to substitute the proper names.

Finally, although the main focus of the plaintiff's complaint is the defendants' failure to protect him from his cellmate's attack, the plaintiff also alleges that he was initially deprived of adequate medical treatment and was forced to sleep on a mattress on the floor despite a lower-bunk restriction. The plaintiff fails to identify which, if any, of the named defendants were responsible for this alleged misconduct. Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); see *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Because the plaintiff does not specify *who* is responsible for this alleged misconduct, the plaintiff fails to state a claim based on these allegations.

The court **GRANTS** the plaintiff's request to proceed without prepaying the full filing fee (Dkt. No. 2).

The court **ALLOWS** the plaintiff to proceed on his failure-to-protect/deliberate indifference and state-law negligence claims against defendants Net, "Crew Cut," and "Finnie."

8

The court **DISMISSES** defendants Ann Krueger and Grey Davis.

The court **ORDERS** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, it will electronically send copies of the plaintiff's complaint and this order to the Wisconsin Department of Justice for service on defendant Net.

The court also **ORDERS** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendant Net shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court further **ORDERS** that the plaintiff shall use discovery to identify the proper names of defendants "Crew Cut" and "Finnie" and that he shall file a motion to substitute the proper names once he discovers them.

The court also **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $330.30 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary or his designee shall clearly identify these payments by the case name and number.

The court further **ORDERS** that the plaintiff must submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court

9

Case 2:16-cv-00225-PP   Filed 05/17/16   Page 9 of 10   Document 6

Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As the clerk will, upon receipt, electronically scan and enter on the docket each document the plaintiff files, the plaintiff does not have to mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. **The plaintiff should retain a personal copy of each document filed with the court.**

The court advises the plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will mail of a copy of this order to the Warden at Columbia Correctional Institution.

Dated in Milwaukee, Wisconsin this 16th day of May, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge