UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JAMES A. PENHALLEGON, SR.,**

                     Plaintiff,

v.                                                  Case No. 16-cv-225-pp

**SGT. NETT, SGT. CREW CUT, and
SIR FINNIE,**

                     Defendants.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S REQUEST TO CORRECT THE SPELLING OF DEFENDANT NETT'S NAME, DENYING THE PLAINTIFF'S REQUEST TO REINSTATE KRUEGER AND DAVIS AS DEFENDANTS, DENYING THE PLAINTIFF'S REQUEST TO ADD CLAIMS (DKT. NO. 7), AND SETTING A DEADLINE OF JULY 15, 2016 FOR THE PLAINTIFF TO FILE AN AMENDED COMPLAINT IF HE CHOOSES TO DO SO**

---

       The plaintiff, a prisoner at Stanley Correctional Institution, is representing himself. On May 17, 2016, the court allowed the plaintiff to proceed on claims against Sgt. Nett (originally spelled incorrectly as Net), Sgt. Crew Cut, and Sir Finnie; however, it dismissed claims against Ann Krueger and Grey Davis because the plaintiff failed to state claims against them. Dkt. No. 6.

       On May 31, 2016, the plaintiff filed a letter addressed to the clerk of court, notifying the clerk of his change of address and making several requests.[1] Dkt. No. 7. First, the plaintiff asks that the court correct the spelling

---

[1] In the future, the plaintiff should file all of his requests in the form of a motion. Motions alert the court that it must take action; letters do not. When

1

of defendant "Net's" name, to "Nett." Dkt. No. 7 at 1. The court will grant this request.

Second, the plaintiff asks the court to reconsider its decision to dismiss Krueger and Davis. Id. at 2-4. In support of this request, the plaintiff provides additional information that he did not put into his complaint. The court reminds the plaintiff that the court may consider only the facts alleged in his complaint when determining whether he states a claim against a given defendant. The plaintiff may not supplement his complaint with facts alleged in subsequent filings. As indicated in the court's screening order, nowhere in the complaint does the plaintiff allege that he or anyone else informed Krueger or Davis about the threat the plaintiff's cellmate posed or about the plaintiff's requests to be moved. These defendants cannot be held liable for an alleged constitutional deprivation that they knew nothing about. The court declines to reconsider its decision to dismiss Krueger and Davis.

That said, if the plaintiff thinks he can allege facts that indicate that Krueger and Davis knew about the alleged threat to the plaintiff, he may file an amended complaint subject to the requirements of Fed. R. Civ. P. 15 and Civ. L. R. 15 (E.D. Wis.). The court advises the plaintiff that legal conclusions will not be sufficient to state a claim; he must include facts (i.e., the who, what, where, and when) to support those conclusions. If he chooses to file an amended complaint, it must bear the docket number assigned to this case and must be labeled "Amended Complaint."  The amended complaint replaces the

---

parties file letters (especially when the letters are addressed to the clerk of court), they run the risk that the court may not see or address their requests.

prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted). The court will screen any amended complaint that the plaintiff files. See 28 U.S.C. §1915A.

If the plaintiff decides to file an amended complaint, the court also cautions him that the additional information he provided in his letter may not be sufficient to support claims against Krueger and Davis. Failure to follow Department of Corrections and prison procedures or policies is not, by itself, a constitutional violation or a violation of federal law. Unless the alleged defendant's failure to follow rules, procedures or policies resulted in the plaintiff's being deprived of a constitutional right, the failure to follow procedures does not state a federal claim. Further, §1983 does not provide a cause of action against individual supervisors based on their supervisory role over another person. Odogba v. Wis. Dept. of Justice, 22 F. Supp. 3d 895, 909 (E.D. Wis. 2014). Unless the supervisor was, him- or herself, directly involved in depriving the plaintiff of his constitutional rights, the plaintiff cannot sue that supervisor under §1983. Id. (citing, inter alia, McKinnon v. City of Berwyn, 750 F.2d 1383, 1390 (7th Cir. 1984).

Finally, the plaintiff asks to add a new claim to his complaint. In its May 17, 2016 order, the court allowed the plaintiff to proceed on claims that

defendants Nett, "Crew Cut," and "Sir Finnie" failed to protect him from assault by another inmate, and were deliberately indifferent to the danger the other inmate posed to him. Dkt. No. 6. In his recent letter, the plaintiff indicates that he wants to add a claim that two new defendants—Captain Chapman and Warden Kennth R. Morgan—made him sleep on a mattress on the floor in the segregation unit at Racine Correctional, despite the fact that he had a lower bunk restriction. Dkt. No. 7 at 4-5.

First, as explained above, the proper way for a plaintiff to add things to his complaint is for him to file an amended complaint that includes all of the claims he wishes to bring. Second, the plaintiff should be aware that Fed. R. Civ. P. 18(a) states that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This means that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. Joining multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The plaintiff indicates, in his letter, that he is willing to include his claim against Chapman and Morgan in this case, "to help alleviate cases with the

Court." Dkt. No. 7 at 4. The court appreciates that the plaintiff is trying to reduce the number of cases he files, but as the discussion above indicates, the law requires that a plaintiff must file a separate complaint if the claims and defendants are not related to each other. In this case, before amending his complaint and adding his claims against Chapman and Morgan, the plaintiff should carefully consider whether those allegations against Chapman and Morgan are related to his failure to protect/deliberate indifference claims against Nett, "Crew Cut," and "Sir Finnie." If not, he may not pursue those claims in the same lawsuit, and must file those claims in a separate case.

## Conclusion

The court **GRANTS** the plaintiff's request to correct the spelling of defendant Nett's name (Dkt. No. 7). The clerk's office shall update the caption of the case to reflect the correct spelling of defendant Nett's name.

The court **DENIES** the plaintiff's request to reinstate Ann Krueger and Grey Davis as defendants. (Dkt. No. 7).

The court **DENIES** the plaintiff's request to add a claim to his complaint. (Dkt. No. 7).

The court **ORDERS** that if the plaintiff wishes to file an amended

complaint, he must do so in time for the court to receive it by **Friday, July 15, 2016.**

Dated in Milwaukee, Wisconsin this 6th day of June, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge