UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JAMES A. PENHALLEGON,

                    Plaintiff,

v.                                                Case No. 16-cv-225-pp

GUY NETT,
RICHARD KUGLER, and
SIR FINNIE,

                    Defendants.
_____

### DECISION AND ORDER DENYING
### PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 23)
_____

        The plaintiff, who is representing himself, is a prisoner at Stanley Correctional Institution. On October 21, 2016, the plaintiff filed a motion to compel. Dkt. No. 23. He explains that he served on the defendants a discovery request that they "[p]rovide copies, or make available for inspection and/or copying, all documents, photos, recordings, or tangible things pertaining to the facts alleged in Plaintiff's Complaint." Dkt. No. 23 at 1. He asserts that, in response, the defendants refused to provide him copies of his heath/psychological records. Id. Instead, he says, the defendants stated, "Plaintiff may contact Health Services Unit and the Ps[y]chological Services Unit at Stanley Correctional Institution by submitting either a Health/Psychological Services Request to view his medical records. Copies are $0.15 per page." Id.

1

The plaintiff, relying on Gabby v. Meyer, Case No. 04-cv-476, 2006 U.S. Dist. LEXIX 73461, *11 (E.D. Wis. Sept. 27, 2006), argues that the mere fact that documents are available from another source is not a valid basis, by itself, for refusing to produce responsive documents. The plaintiff asks the court to compel the defendants to provide him with copies of the documents he seeks. The court will deny the plaintiff's request for the following reasons.

First, the defendants *have* responded to the plaintiff's request, and gave him what he asked for. His request asks that the defendants provide him with copies of the requested documents or, *alternatively,* that they make the documents available for inspection and/or copying. The defendants chose to do the latter, and directed him to the Health Services and Psychological Services Units at his institution. All the plaintiff needed to do was arrange a time to inspect the documents; if he wanted to, he could elect to pay to obtain copies for himself. The rules do not require the defendants to deliver the documents directly to the plaintiff, or to bear the cost of making copies.

Second, the plaintiff's reliance on Gabby is misplaced. There, the plaintiff had been released from prison, so it was unclear to the court whether he could access the documents at his former institution, as directed by the defendants. Id. The plaintiff's inability to access the records was central to the court's decision that the defendants had to produce them. Here, the plaintiff is still incarcerated at Stanley, and therefore has access to his medical and psychological records that are housed there. The plaintiff just needs to ask the staff of the HSPSU to allow him to see them. Unless the plaintiff can

demonstrate to the court that he is unable to access the records from the HSPSU, there is no basis for the court to grant his motion.

The court **DENIES** the plaintiff's Motion to Compel (Dkt. No. 23).

Dated in Milwaukee, Wisconsin this 27th day of October, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge