UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES A. PENHALLEGON,

                Plaintiff,

v.                                        Case No. 16-cv-225-pp

GUY NETT, and
RICHARD KUGLER,

                Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION *IN LIMINE* TO INTRODUCE EVIDENCE OF PLAINTIFF'S CONVICTIONS (DKT. NO. 77)**

---

Trial on the plaintiff's failure-to-protect claims is scheduled to begin on May 13, 2019. The defendants moved for an order *in limine* allowing them to introduce evidence of some of the plaintiff's prior convictions. Dkt. No. 77. For the following six convictions, they seek to introduce only the fact that the plaintiff was convicted and the name of the crime for which he was convicted: (1) Larceny, on February 16, 1988 in Florida; (2) Felony Obstructing Justice, on August 18, 1994 in Illinois; (3) Felony Deceptive Practices, on July 20, 1995 in Illinois; (4) Misdemeanor Retail Theft < $1,000, on September 9, 1997, in Wisconsin; (5) Misdemeanor Retail Theft—False Representation < $1,000, on November 9, 1997 in Wisconsin; and (6) Misdemeanor Battery by a Prisoner, on April 24, 1998 in Wisconsin. Dkt. No. 77 at 1-3.

The defendants emphasize that the plaintiff's credibility is the central issue in this case. Id. at 3. The plaintiff asserts that he told the defendants he wanted to be transferred to a different cell because he was afraid of his

1

cellmate. Id. The defendants deny that the plaintiff expressed those fears to them; they assert that he requested to change cells only for the sake of convenience. Id. They argue that the plaintiff will prevail on his claims only to the extent that the jury believes his version of events over the defendants' version.

They also argue that the plaintiff's convictions for larceny, obstruction of justice, theft, deceptive practices and misrepresentation are probative of credibility and are admissible under Fed. R. Evid. 609 to impeach the plaintiff's character for truthfulness. Id.; Fed. R. Evid. 609(a)(2) ("for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness admitting—a dishonest act or false statement.")

The plaintiff concedes that credibility is a central issue at trial. Dkt. No. 78 at 4. He points out, however, that the convictions are more than twenty years old. Id. He notes that the jury will know that he is a convicted felon because the events at issue occurred while he was incarcerated. Id. He argues that "[s]hould the jury hear about several other ancient convictions that have nothing to do with the present case, they might develop a strong bias against [him] for being a career criminal and liar." Id. The plaintiff asserts that the potential for bias is high, while the probative value of crimes committed long ago in his youth is low. Id. at 4-5.

Fed. R. Evid. 609 allows impeachment with evidence of a criminal conviction; when more than ten years have passed since the conviction or

release from confinement for it, evidence of the conviction is admissible only if the "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). The Seventh Circuit has noted that "the legislative history leading to the enactment of Rule 609 indicates that 'it is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.'" U.S. v. Fallon, 348 F.3d 248, 254 (7th Cir. 2003) (quoting U.S. v. Shapiro, 565 F.2d 479, 481 (7th Cir. 1977)).

To assist district courts in applying Rule 609, the Seventh Circuit set forth the following five factors (frequently referred to as the Malone factors): (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the witness's testimony; and (5) the centrality of the credibility issue. U.S. v. Malone, 537 F.2d 922, 929 (7th Cir. 1976).

The parties agree that the plaintiff's testimony is important because he is the only one who can provide evidence about what he said to the defendants, and his credibility is central to the case because he will prevail on his claims only if the jury believes his testimony over the defendants' testimony. The court agrees that final two Malone factors weigh in favor of admitting evidence of the plaintiff's prior convictions.

The third Malone factor (the similarity between the past crime and the charged crime) is irrelevant because this is a civil case. That leaves the first two

3

factors—the impeachment value of the prior convictions and the age of the convictions along with the plaintiff's subsequent history. These two factors weigh against admitting the evidence.

The defendants have provided no "specific facts and circumstances" about the underlying crimes that would enable the court to evaluate the merit of the defendants' assertion that the convictions are highly probative of the plaintiff's credibility. Three of the convictions involving stealing—the 1988 larceny conviction from Florida and the two misdemeanor retail theft convictions from Wisconsin. Did the plaintiff steal a radio? A purse? Food? Gum? The court knows only that the two theft convictions involved items worth less than $1,000; the defendants provided *no* information about whether the larceny conviction was a misdemeanor or a felony.

Three of the convictions are misdemeanors—maybe four, because it's possible that the 1988 larceny conviction was a misdemeanor. Rule 609(a)(2), which would govern the court's analysis if these convictions were less than ten years old, says that a party can impeach a witness with a misdemeanor conviction only if "the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Rule 609(a)(2). Altobello v. Borden Confectionary Products, Inc., 872 F.2d 215, 216-17 (7th Cir. 1989), contains a full discussion of this requirement.

Assuming for the sake of argument that the Florida larceny conviction was a misdemeanor, larceny is the theft of personal property. Without any facts

4

about what the plaintiff allegedly did back in 1988, the court has no reason to think that the theft involved a false statement. The same is true for the 1997 Racine retail theft conviction. As for whether those two convictions involved "dishonest acts," the Seventh Circuit has held that "petty shoplifting" doesn't qualify as a crime of dishonesty under Rule 609. United States v. Galati, 230 F.3d 254, 261 (7th Cir. 2000) (citing United States v. Owens, 145 F.3d 923, 927 (7th Cir. 1998). In order for petty shoplifting to qualify as a crime of dishonesty for purposes of Rule 609, it must "involve[] items of significant value." Id. (citing United States v. Amaechi, 991 F.2d 374, 378 (7th Cir. 1993)). The defendants have provided no information about the value of the items taken for either of these misdemeanor offenses, and the court likely would not have allowed them to impeach the plaintiff with these convictions even if they were not thirty-one and twenty-two years old, respectively.

The 1997 Kenosha misdemeanor was for theft by false representation. The current version of that statute, Wis. Stat. §943.20(d), does require proof of a false statement. Perhaps that conviction would have been admissible for impeachment if it had happened less than ten years ago. But given that the conviction is twenty-two years old, and given that the court has no facts about what the plaintiff allegedly did, it has little, if any, probative value. See Galati, 230 F.3d at 261 ("the probative value of this 20 year old conviction, for a crime committed when [the witness] was a college student is minimal").

Even if it were less than ten years old, the 1998 misdemeanor battery conviction would not be admissible. Wis. Stat. §940.19, in its current form,

5

states that "[w]hoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor." To prove misdemeanor battery, the state does not need to prove a false statement or a dishonest act.

The defendants argue that the court should allow them to "impeach" the plaintiff with the misdemeanor batter conviction because the plaintiff "testified at his deposition that DOC staff should have known that he was at risk of assault by his cellmate due to his cellmate's history." Dkt. No. 77 at 3. They assert that, as a result of this testimony, they "are entitled to introduce evidence that [the plaintiff] had a history of assault." Id. The court is mystified by this argument. Do the defendants really mean to argue that if the plaintiff caused bodily harm to someone twenty-two years ago, he was not entitled to protection from an allegedly aggressive and dangerous cellmate? How does the plaintiff's *misdemeanor* battery conviction from twenty-two years ago demonstrate that he had "a history of assault?" The plaintiff could have been convicted of shoving someone, or tripping someone, or slapping someone—all those acts would constitute misdemeanor battery, and none of them would show that the plaintiff is a violent or aggressive person. Even if they did, it is not clear how that would be relevant to his claim that he told DOC staff he had reason to fear his cellmate—even violent and aggressive people have reason to fear other violent and aggressive people.

That leaves the two felony convictions—felony obstruction of justice and felony deceptive practices, both in Illinois. Under Rule 609(a)(1), if these

6

convictions were less than ten years old, they would be admissible for impeachment purposes if, under Fed. R. Evid. 403, their probative value was not outweighed by unfair prejudice, confusion, misleading the jury, undue delay or presenting cumulative evidence.

Under current Illinois law, the state would have to prove a false statement or dishonest act to prove felony obstruction—720 ILCS 5/ prohibits altering or destroying evidence, planting evidence, providing false evidence, inducing a witness to flee or hide, or hiding or concealing evidence one's own self. Again, the defendants have not provided any facts, so the court does not know what the plaintiff did to obstruct justice. For the sake of argument, however, the court will assume that if the conviction was less than ten years old, it may have had some probative value regarding the plaintiff's truthfulness. But without the facts, the court cannot know whether that probative value might have been outweighed by unfair prejudice. Given the age of the conviction, that question is even more important—for convictions over ten years old, Rule 609(b) allows their use only if their probative value "supported by *specific facts and circumstances*, substantially outweighs" their prejudicial effect. (Emphasis added.) The court has *no* specific facts and circumstances, and cannot conclude that the bare fact of a conviction for obstruction is so probative of the plaintiff's truthfulness that the probative value *substantially* outweighs its prejudicial effect.

The same analysis applies to the 1995 conviction for felony deceptive practices. The current version of 720 ILCS 17-1 requires proof of an intent to

defraud, and the plaintiff indicates that the conviction resulted from his passing bad checks (dkt. no. 78 at 1). So perhaps, if the conviction was less than ten years old, it might have some probative value as to the plaintiff's truthfulness. But the court can't conduct the balancing of the probative value versus the danger of unfair prejudice without "specific facts and circumstances," and cannot conclude that the probative value substantially outweighs their prejudicial effect.

Finally, the court makes the general observation that these convictions occurred more than two decades ago when the plaintiff was in his twenties; the plaintiff is now in his fifties. The plaintiff notes that, after the convictions at issue, he was not convicted of another crime for nearly two decades. The defendants discount this fact, arguing that the plaintiff's recent conviction was a felony, but they neglect to mention that that recent felony was not for a crime involving a dishonest act or false statement. The defendants' hyperbolic assertion that the plaintiff's convictions demonstrate a "lifetime of deceit," dkt. no. 79 at 1, is not supported by these convictions. In fact, the defendants' assertion amounts to an argument that these convictions show that the plaintiff is a bad person, and that the jury should not believe anything he says because he is a bad person. This is exactly the argument that Rule 609 is designed to prevent. As the Seventh Circuit reminded us in <u>Galati</u>, "[i]t is important to keep in mind that 'the purpose of admitting prior arrests or convictions is not to show that the witness is a bad person . . . but to impeach

8

his credibility." Galati, 230 F.3d at 261 (quoting United States v. Neely, 980 F.2d 1074, 1079 (7th Cir. 1992)).

The court **DENIES** the defendants' motion *in limine* to introduce evidence of the plaintiff's convictions. Dkt. No. 77.

Dated in Milwaukee, Wisconsin, this 9th day of May, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**